**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RACHAEL HENRY, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-939-CJB-SS** |
| **BYRON TOUPS, et al** | |

**ORDER**

SHERIFF'S MOTION TO QUASH (Rec. doc. 63)

**GRANTED IN PART AND DENIED IN PART**

On February 11, 2008, the plaintiffs, Rachel Henry ("Henry") and Amber Bourgeois ("Bourgeois"), filed a complaint against Bryon Toups ("Toups"), individually and in his official capacity, and Lorel Gonzales ("Gonzales"), individually and her official capacity, and the School Board for the Parish of St. Charles ("School Board"). The allegations pertain to the time when the plaintiffs were students and Toups was the band director at Destrehan High School. The plaintiffs allege causes of actions of based on: (1) Title IX, 20 U.S.C. § 1681; (2) retaliation for engaging in protected activity; (3) 42 U.S.C. § 1983; (4) negligence; and (5) intentional infliction of emotional distress.

On August 19, 2009, Toups pled guilty in state court to: (1) one felony count of malfeasance in office for committing indecent behavior with a sixteen year-old student while he was a teacher at Destrehan High; (2) one misdemeanor count of simple battery of a witness, Bourgeois; and (3) one felony count of intimidation of a witness, Bourgeois. Toups was sentenced to one year in prison.

On April 30, 2008, the plaintiffs' motion to stay was granted and the case was closed

administratively. Rec doc. 57. After Toups' guilty plea, the plaintiffs' motion to lift stay was granted. Rec. doc. 59. The pretrial conference is set for April 22, 2010, with the trial is set for May 17, 2010. Rec. doc. 66.

On September 17, 2009, a subpoena was issued at the request of the plaintiffs to the Sheriff of St. Charles Parish for:

> Certified copy of any and all records kept by your office involving any former or ongoing criminal investigation of Bryon J. Toups, including but not limited to documents, reports, recommendations, photographs, interviews, recordings, biological samples, etc.

Rec. doc. 63 (Exhibit).

On September 30, 2009, the Sheriff filed a motion to quash the subpoena. The Sheriff does not argue that the information is not relevant to plaintiffs' claims and Toups' defenses. He instead urges that: (1) the subpoena is over broad and burdensome; and (2) compliance may expose him to liability for releasing information detailing crimes involving juveniles and/or matters which may expose persons to embarrassment and humiliation. The Sheriff contends the file contains information regarding individuals who are not parties to this case and "who may have been minors at the time the facts alleged in plaintiffs' complaint occurred and/or may still be minors at this time." Rec. doc. 63. If the subpoena is not quashed, the Sheriff requests that the undersigned perform an *in camera* inspection "to protect any person named therein, including but not limited to individuals who were minors at the time" of the events described in the complaint." Id. The Sheriff also requests that the undersigned make a determination as to what parts, if any, of the criminal investigation file be turned over to the plaintiffs. The Sheriff did not cite any authority in support of his request for relief except for Fed. R. Civ. P. 26, and he did not prepare a privilege log. The Sheriff reports that there are several hundred pages in the file. Rec. doc. 63 at 2.

The plaintiffs' claims arise out of federal law and therefore federal common law governs the

Sheriff's motion to quash. "Federal common law recognizes a qualified privilege protecting investigative files in an <u>ongoing</u> criminal investigation or information which would reveal the identity of confidential informants." <u>Cormier v. Foti</u>, 2008 WL 4758660, *3 (W.D.La.)(emphasis added). Toups was convicted and is now in prison. The Sheriff's investigation is concluded. There is no qualified privilege for the Toups investigative file. The Sheriff's request for an order quashing the subpoena on that basis must be denied.

The file may identify individuals who were victims or who were alleged to be victims of Toups' activities. These individuals may have sought to protect their privacy by not pressing charges against Toups or by refusing to participate in civil proceedings against Toups. Even if these individuals reached the age of majority, they have an interest in not disclosing their identity. The Sheriff shall produce for *in camera* inspection <u>only</u> those documents in the file which identify individuals who were alleged to be victims of Toups' activities whether or not they were minors at the time of the events described in the plaintiffs' complaint and in the Toups indictment. **The Sheriff shall not produce the entire file for *in camera* inspection**.

IT IS ORDERED that the Sheriff's motion to quash (Rec. doc. 63) is GRANTED in PART and DENIED in PART as follows:

1. The Sheriff shall bates number the documents in the file and redact any social security numbers found in the file.

2. **Within ten (10) working days of the entry of this order**, the Sheriff shall produce for *in camera* inspection only those documents in the file which identify individuals who were alleged to be victims of Toups' activities whether or not they were minors at the time of the events described in the plaintiffs' complaint and in the Toups indictment.

3. **Within ten (10) working days of the entry of this order,** the Sheriff shall produce the

remainder of the Toups investigative file.

4. The plaintiffs shall pay the Sheriff the reasonable cost of Bates numbering and copying the file.

New Orleans, Louisiana, this 27th day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**